**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA SILVIA SANCHEZ-CANIZALEZ, | No. 11-70210 |
| Petitioner, | |
| v. | Agency No. A094-927-075 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2013[**]

Before:      HUG, FARRIS, and LEAVY, Circuit Judges.

Ana Silvia Sanchez-Canizalez ("Sanchez"), a native and citizen of El

Salvador, petitions pro se for review of a decision of the Board of Immigration

Appeals ("BIA") which denied her motion for reconsideration. We have

jurisdiction over the final order denying Sanchez's motion for reconsideration. 8

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252(a). We deny the petition in part, grant the petition in part, and remand.

We lack jurisdiction to address Sanchez's challenge to the merits of the BIA's June 22, 2010 order finding her ineligible for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") because the petition for review is untimely as to that decision. *See* 8 U.S.C. § 1252(b)(1); *see also Singh v. Mukasey*, 533 F.3d 1103, 1110 (9th Cir. 2008) (an untimely petition for review must be dismissed for lack of jurisdiction).

We review for abuse of discretion the BIA's denial of a motion for reconsideration. *Morales Apolinar v. Mukasey*, 514 F.3d 893, 895 (9th Cir. 2008). The BIA's denial of a motion for reconsideration will be reversed "only if the BIA acted arbitrarily, irrationally, or contrary to the law. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

Sanchez argues that the BIA abused its discretion by denying her motion for reconsideration because the Immigration Judge ("IJ") applied the incorrect standard when analyzing her claim under CAT. This argument fails because the IJ announced the correct standard when analyzing Sanchez's claim under CAT. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (stating that the standard of proof is more than fifty percent and that the alien "must show that it is

2

more likely than not that a government official . . . would torture [her] or . . . acquiesce in [her] torture by others.").

Sanchez's motion for reconsideration claimed that the BIA abused its discretion by affirming the IJ's decision without issuing a separate opinion. This contention is without merit. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850-51 (9th Cir. 2003) (holding that the "streamlining regulation does not implicate or restrict any right of review in the court of appeals," and does not violate due process); *see also* 8 C.F.R. § 1003.2(b)(3) ("A motion to reconsider based solely on an argument that the case should not have been affirmed without opinion by a single Board Member, or by a three-Member panel, is barred.").

Finally, Sanchez argues that the BIA abused its discretion by denying her motion for reconsideration because the IJ applied the incorrect standard when analyzing her claim that she was a member of a particular social group. We agree.

An alien who qualifies as a refugee may be granted asylum. 8 U.S.C. § 1158(b)(1). A refugee is an alien who is unable to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion." *Ding v. Ashcroft*, 387 F.3d 1131, 1136 (9th Cir. 2004) (quoting 8 U.S.C. § 1101(a)(42)(A)). This court has recognized that "in some circumstances, a family

3

constitutes a social group for purposes of the asylum and withholding-of-removal statutes." *Molina-Estrada v. I.N.S.*, 293 F.3d 1089, 1095 (9th Cir. 2002). "Perhaps a prototypical example of a 'particular social group' would consist of the immediate members of a certain family, the family being a focus of fundamental affiliational concerns and common interests for most people." *Sanchez-Trujillo v. I.N.S.*, 801 F.2d 1571, 1576 (9th Cir. 1986).

The IJ found that Sanchez was unable to establish persecution on account of a protected ground. The final order stated that "[Sanchez] has not established that she is a family member *of someone who was harmed on account of a protected ground*, nor has she established independently that she would be harmed on account of a protected ground." (emphasis added). The IJ seems to have based this conclusion on the fact that "the husband did not suffer any harm on account of a protected ground." However, the husband is not the focus of the inquiry.

This court does not require the petitioner to show that another family member was persecuted on account of a protected ground. Rather, the petitioner need only show that she herself was persecuted because of her status as a family member. *See Mgoian v. I.N.S.*, 184 F.3d 1029, 1036-37 (9th Cir. 1999) (holding that petitioner was eligible for relief because of insults and threats over the phone and in person suggesting that she leave her country because of her relationship to

4

her family); *see also Thomas v. Gonzales*, 409 F.3d 1177, 1188-89 (9th Cir. 2005) (*en banc*), *vacated on other grounds*, 547 U.S. 183 ("there is nothing . . . to suggest that membership in a family is insufficient, standing alone, to constitute a particular social group in the context of establishing eligibility for asylum or withholding of removal."). We have held that "family members who were targeted on account of their shared, immutable, characteristic, namely, their familial relationship with a hated boss met 8 U.S.C. § 1101's requirement that the persecution be on account of one of the five protected grounds." *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005) (internal quotation marks omitted).

We have never held that it is necessary to do what the BIA asked of Sanchez. The requirement that Sanchez prove that her husband was persecuted on a protected ground changes the standard for membership in a particular social group. Sanchez's motion for reconsideration identified a legal error in the BIA's prior decision. *See Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004). Sanchez's motion begins by arguing that "retaliation against a family member for actions of a relative can be considered political persecution." Sanchez cited *Thomas* to support her contention.

The BIA applied the incorrect standard when analyzing Sanchez's claim that her status as a family member constitutes membership in a particular social group.

5

The BIA's denial of Sanchez's motion for reconsideration was therefore contrary to the law and should be reversed. *See Mohammed*, 400 F.3d at 791.

Because the BIA has not yet considered Sanchez's argument that it abused its discretion by failing to apply the correct standard when analyzing her claim of membership in a particular social group, we remand this case so that the BIA may decide the issue in the first instance. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002).

Each party to bear their own costs.

PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.